UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

GEORGE CEBALLOS,                              )
                                             )
                    Plaintiff,                )
                                             )
v.                                            )         Case No. 09-CV-0075-CVE-TLW
                                             )
TULSA DRUG ENFORCEMENT                        )
AGENCY,                                       )
                                             )
                    Defendant.                )

<u>OPINION AND ORDER</u>

Now before the Court are plaintiff's Complaint (Dkt. # 1) and his Motion for Leave to

Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2).  Plaintiff states that his spouse

earns $1,600 per month and is currently employed.  He also states that he was employed until

February 12, 2009 and he earned $1,400 during his final month of employment.  Plaintiff states that

his and his spouse's monthly expenses are approximately $1,200.  Based on the representations in

plaintiff's motion, he has not shown that he is unable to pay the filing fee and his motion to proceed

<u>in forma pauperis</u> should be denied.  Under LCvR. 3.3(e), plaintiff must pay his filing fee within 20

days of the denial of his motion to proceed <u>in forma pauperis</u>, or his case will be dismissed without

prejudice for failure to pay the filing fee.

The Court has reviewed plaintiff's complaint and finds that his claim against defendant Tulsa

Drug Enforcement Agency should be dismissed under Fed. R. Civ. P. 12(b)(6).  A district court has

the authority to <u>sua</u> <u>sponte</u> dismiss a claim under Rule 12(b)(6) if it "'patently obvious' that the

plaintiff could not prevail on the facts alleged." <u>Andrews v. Heaton</u>, 483 F.3d 1070, 1074 n.2 (10th

Cir. 2007); <u>see</u> <u>also</u> <u>McKinney v. State of Oklahoma, Dep't of Human Servs.</u>, 925 F.2d 363, 365

(10th Cir. 1991). Under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has

stated a claim upon which relief may be granted.   A claim should be dismissed when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  The factual allegations within the claim "must be enough to raise a right to relief above the speculative level."  Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 1969.  For purposes of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant.  Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature.  Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  Hall v. Bellman, 935 F.2d 1106, 1109-10 (10th Cir. 1991).  In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face.  Twombly, 127 S. Ct. at 1974.

In this case, plaintiff alleges that he has been "victimized -- harassed -- stalked & threatened with vehicles" and he states that he has been the target of a "DEA sting" for two years.  Dkt. # 1, at 1.  He requests a court order directing the defendant to "cease and desist pending further action."  Id. at 2.  Plaintiff's complaint is deficient for two primary reasons.  First, the Tulsa Drug Enforcement Agency is not a governmental agency and does not exist.  Therefore, the Tulsa Drug Enforcement Agency may not be named as a party in this case.  Second, plaintiff does not identify

any legal basis for his claims and the Court can not discern a claim from the facts alleged. Assuming that plaintiff could name a proper defendant, the mere fact that plaintiff may be the target of a law enforcement investigation does not suggest that a potential defendant has violated any law. Although plaintiff alleges that he has been victimized, harassed, stalked and threatened, these allegations are so vague and conclusory in nature that they may not be accepted as true when considering whether plaintiff has stated a claim under Rule 12(b)(6). For both reasons noted above, it is "patently obvious" that plaintiff has not stated a claim against the named defendant and his claim should be dismissed. The Court will give plaintiff an opportunity to file an amended complaint if he believes that he can name a proper defendant, allege sufficient facts to state a claim, and identify a legal theory permitting him to proceed with a claim. Plaintiff must allege <u>specific</u> facts supporting any claim alleged in an amended complaint.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2) is **denied**. Plaintiff is required to pay the filing fee no later than **March 11, 2009**, or his case will be dismissed without prejudice on this basis. <u>See</u> LCvR 3.3(e).

**IT IS FURTHER ORDERED** that plaintiff's claim against defendant Tulsa Drug Enforcement Agency is **dismissed without prejudice** for failure to state a claim under Rule 12(b)(6). If plaintiff believes that he can file an amended complaint that fully complies with the requirements set forth in this Opinion and Order, he may file an amended complaint no later than **March 11, 2009**. **Plaintiff is advised that he must pay the filing fee and an amended complaint fully complying with this Opinion and Order by March 11, 2009, or this case will be dismissed.**

**DATED** this 19th day of February, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT